# EXHIBIT A

March 11, 2019

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
California Service Center
Laguna Niguel, CA 92607-0590



PARZENN PARTNERS LLC
c/o KASIA LOOR JEFF GOLDMAN IMMIGRATIO
125 WASHINGTON ST STE 204
SALEM, MA 01970

WAC1910250586

Form I-129, Petition for a Nonimmigrant Worker



A045-103-542

## DECISION

On January 18, 2019, your organization, PARZENN PARTNERS LLC, filed a Petition for a Nonimmigrant Worker (Form I-129), with U.S. Citizenship and Immigration Services (USCIS), seeking to classify SHAH, DHVANISH (beneficiary) as a temporary worker in a specialty occupation (H-1B) under section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act (INA).

INA § 101(a)(15)(H)(i)(b) provides, in part, for the classification of a qualified nonimmigrant:

> ...who is coming temporarily to the United States to perform services...in a specialty occupation described in section 214(i)(1)..., who meets the requirements for the occupation specified in section 214(i)(2)..., and with respect to whom the Secretary of Labor determines and certifies...that the intending employer has filed with the Secretary an application under section 212(n)(1).

You seek new employment for the beneficiary and requested that USCIS change the beneficiary's status.

You stated on the Form I-129 that you are a business advisory services firm with 5 employees. You seek to employ the beneficiary as an Operations Research Analyst/Consultant from 01/28/2019 to 01/27/2022.

USCIS reviewed the initial record of evidence for eligibility in accordance with the INA and Title 8, Code of Federal Regulations (8 CFR) and could not determine whether you had established eligibility for the benefit sought. Accordingly, USCIS issued a Request for Evidence (RFE) on 02/01/2019. On 02/25/2019, you submitted a response.

After careful review and consideration of the entire record, based on a preponderance of the evidence, the petition will be denied for the reasons discussed below.

### Beneficiary Owns or Controls Petitioning Entity

The issue to be discussed is whether you have established that you will have an employer-employee



relationship with the beneficiary.

8 CFR § 214.2(h)(2)(i)(A) provides that a "United States employer" shall file an [H-1B] petition.

The term "United States employer", in turn, is defined at 8 CFR § 214.2(h)(4)(ii) as follows:

> United States employer means a person, firm, corporation, contractor, or other association, or organization in the United States which:
>
> (1) Engages a person to work within the United States;
>
> (2) Has an employer-employee relationship with respect to employees under this part, as indicated by the fact that it may hire, pay, fire, supervise, or otherwise control the work of any such employee; and
>
> (3) Has an Internal Revenue Service Tax identification number.

Neither the legacy Immigration and Naturalization Service (INS) nor this agency USCIS has defined the terms "employee," "employed," "employment," or "employer-employee relationship" by regulation for purposes of the H-1B visa classification, even though the regulation describes H-1B beneficiaries as "employees" who must have an "employer-employee relationship" with a United States employer. Thus, for purposes of the H-1B visa classification, these terms are undefined.

Therefore, in considering whether or not one is an "employee" in an "employer-employee relationship" with a "United States employer" for purposes of H-1B nonimmigrant petitions, USCIS focuses on the common-law touchstone of "control." See 8 CFR § 214.2(h)(4)(ii)(2) defining a "United States employer" as one who "has an employer-employee relationship with respect to employees under this part, as indicated by the fact that it may hire, pay, fire, supervise, or otherwise control the work of any such employee . . . ."

Upon filing, you indicated on the Form I-129 that the beneficiary owns or controls your organization. Consequently, you were requested to provide additional evidence regarding whether your organization will have an employer-employee relationship with the beneficiary. Following your response, the record contains the following documents regarding these requirements:

- Your letter of support;
- Website Information about your organization;
- Copy of the your organization's Certificate of Organization under the Commonwealth of Massachusetts;
- Copy of your organization's Certificate of Amendment to the Certificate of Organization under the Commonwealth of Massachusetts.
- Copy of the Employer Identification Number letter from Internal Revenue Service letter;
- Copy of your Operating Agreement;
- Copy of your signed employment agreement between you and the beneficiary;
- Copy of your organizational chart; and
- Copy of your attorney's letter.

According to your Operating Agreement, there are only two members of your company, the beneficiary and Mr. Akhil Suresh Nair. The record indicates that the beneficiary owns 50% of the company and the Mr. Nair owns 50% of the company. Together, the beneficiary and Mr. Nair own 100% of the company. You claim that the beneficiary does not own a majority share of the company.



However, the beneficiary does not own a minority share of the company and there is no member that has a greater share of the company than the beneficiary.

The record also indicates that the beneficiary acted as the Resident Agent forming the petitioner's Limited Liability Company on 03/12/2018. According to the manager, Parthiv Shah, the beneficiary has been "employed by Parzenn Partners, LLC, since 05/24/2018." The record also indicates that the current operating agreement was signed on 12/14/2018. Prior to the signing of the Operating Agreement, the beneficiary, along with co-owner Mr. Akhil Suresh Nair signed several contracts with client businesses demonstrating control of the company.

According to your current Operating Agreement, managers only have the authority to hire and fire any member as an employee and/or Officer of the Company. However, the operating agreement does not demonstrate the manager's ability to pay, supervise or otherwise control the work of the beneficiary.

In response to USCIS request for evidence, you state that Mr. Parthiv Shah is one of three managers of your company and is the beneficiary's direct supervisor. You state that Mr. Parthiv Shah will control and supervise all of the beneficiary's employment activities.

A letter from Mr. Parthiv Shah states:

> Parzenn Partners will control and supervise all of Mr. Shah's (beneficiary) employment activities, which will include assignment and reviewing of work, conducting routine performance reviews, and approving leave of absence requests. Mr. Shah will meet with me by means that include, but are not limited to, phone, email, or video conferencing on as needed basis. I, as his direct supervisor, will review Mr. Shah's work and task him with new assignments. On a month basis we will discuss the goals and progress of the projects. We will have an annual performance review on May 2th of this year.



The record indicates that Mr. Parthiv Shah does not reside in the United States. You did not provide any evidence that sufficiently demonstrates Mr. Parthiv Shah actively controls or supervises the beneficiary's work. You did not provide documentation that showed Mr. Parthiv Shah's management of company projects, interactions with employees and/or assignment and review of the beneficiary's current or future work.

Simply going on record with unsupported statements without supporting documentary evidence does not satisfy the burden of proof in these proceedings. *Matter of Soffici*, 22 I&N Dec. 158, 165 (Comm. 1998) (citing *Matter of Treasure Craft of California*, 14 I&N Dec. 190 (Reg. Comm. 1972)).

According to Article 7.0 of the Operating Agreement, the members have full control of their own work and the work of employees hired as personnel. The Operating Agreement states that Members "shall have full and complete discretion in the management, control, and operations of the Company." It appears that the managers maybe acting simply as figureheads within the company without actual control of the company or the beneficiary's work.

Although the current operating agreement appears to give the managers authority to fire and hire members, ultimate control of the company still resides with Dhvanish Shah (Beneficiary) and Akhil Suresh Nair, who are both the co-partners and co-founders of the company. If termination should occur for any member, together, they have the authority to amend or terminate the Operating Agreement and rehire themselves into any role they choose within the company

Thus, you have not established that you will be a "United States employer" having an

"employer-employee relationship" with the beneficiary as an H-1B temporary "employee."

The burden of proof to establish eligibility for the benefit request rests with you. Here, that burden has not been met.

Consequently, the petition is denied for the above stated reason.

If you disagree with this decision, you may appeal to the Administrative Appeals Office (AAO) by filing a Notice of Appeal or Motion (Form I-290B) within 30 days (33 days if by mail) of the date of this decision. Alternatively, you may use Form I-290B to submit a motion to reopen or reconsider. For the latest information on filing location, fee, and other requirements, please review the Form I-290B instructions at http://www.uscis.gov/forms, call our USCIS Contact Center at 1-800-375-5283, or visit your local USCIS office.

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at http://www.sba.gov/ombudsman or phone 202-205-2417 or fax 202-481-5719.

Sincerely,

*Kathy A. Baran*

Kathy A. Baran
Director, California Service Center